IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-03231-GPG

ANTHONY T. KINNEY,

    Applicant,
v.

SHERIFF D. DIGGINS, and
JOHN SUTHERS, The Attorney General of the State of Colorado,

    Respondents.

---

ORDER OF DISMISSAL

---

Applicant, Anthony T. Kinney, has filed *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1) challenging the validity of his conviction and sentence in Denver County Court Case No. 12CR10116. On December 2, 2014, Magistrate Judge Gordon P. Gallagher ordered Respondents to file a pre-answer response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies if Respondents intend to raise either or both of those defenses in this action. On December 18, 2014, Respondent Attorney General of the State of Colorado, through his counsel, filed a Pre-Answer Response (ECF No. 9) arguing that the action should be dismissed for failure to exhaust state court remedies.[1] Although given the opportunity, Mr. Kinney did not file any reply to Respondents' Pre-Answer Response.

The Court must construe the Application filed by Mr. Kinney liberally because he

---

[1] On January 7, 2015, Respondent D. Diggins filed, through his counsel, a "Motion for Late Filing of Joinder in State's Pre-Answer Response" (ECF No. 10). The motion is granted.

is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action without prejudice for failure to exhaust state court remedies.

Mr. Kinney asserts one claim in the Application. He alleges that his plea bargain was broken because "I took the Deal because I was lead to believe that I could get treatment since the Parole board agreed to terms of the 1 year sentence, while on record at the rescission hearing. CDOC made me serve the whole year and I have yet been able to get treatment. My sentence was ran concurrent to my 5 year parole sentence rather than my sentence." (*See* ECF No. 1 at 5.) As relief, Mr. Kinney asks that his one year sentence reflect the time he served.

Mr. Kinney may not pursue his claims in federal court in a habeas corpus action unless he has exhausted state court remedies. *See Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000) ("A habeas petitioner is generally required to exhaust state remedies whether his action is brought under § 2241 or § 2254."). The exhaustion requirement is satisfied once the federal claims have been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issues be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever v. Kan. State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994).

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement. *Picard*

*v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989). Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam). A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

Finally, "[t]he exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing he has exhausted all available state remedies for each particular claim. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992). A blanket statement that state remedies have been exhausted does not satisfy this burden. *See Olson v. McKune*, 9 F.3d 95 (10th Cir. 1993); *see also Fuller v. Baird*, 306 F. App'x 430, 431 n.3 (10th Cir. 2009) (stating that a bald assertion unsupported by court records is insufficient to demonstrate state remedies are exhausted).

Mr. Kinney admits in the Application that this claim has not been fairly presented to the state's highest court. He further alleges that "I was not aware that I could address my issues in the federal courts and once my appeal and post conviction remedies were denied I thought that was it." According to the documentation provided by Respondents, on April 4, 2014, Mr. Kinney filed a letter in the state district court regarding his parole and requesting copies of the mittimus and transcripts. The state

court register of actions does not reflect that the state district court received, or treated this letter as a postconviction collateral attack. Rather, the state district court denied Mr. Kinney's request for copies of the mittimus and transcripts and took "no action on Deft's Request to Confirm If He Was Granted Parole." (*See* ECF No. 9-1 at 3.)

The Court is not persuaded that Mr. Kinney has satisfied his burden of showing that he has exhausted state court remedies. He fails to demonstrate that he has fairly presented his claim to the Colorado Supreme Court or that no adequate state remedies are available. Furthermore, the documentation provided by Respondents with their Pre-Answer indicates that Mr. Kinney has not fairly presented his claim to any state courts. Therefore, the action will be dismissed for failure to exhaust state remedies.

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Applicant files a notice of appeal he also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the habeas corpus application (ECF No. 1) is denied and the action is dismissed without prejudice for failure to exhaust state court remedies. It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.  It is

FURTHER ORDERED that Respondent D. Diggin's "Motion for Late Filing of Joinder in State's Pre-Answer Response" (ECF NO. 10) is granted.  It is

FURTHER ORDERED that any other pending motions are denied as moot.

DATED at Denver, Colorado, this  28th  day of   January  , 2015.

BY THE COURT,

  s/Lewis T. Babcock  
LEWIS T. BABCOCK, Senior Judge
United States District Court